IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

SHAUN FRANKS,

    Plaintiff,

vs.      1:06-CV-173 (WLS)

ROBERT K. DEVANE and THE CITY OF ELLAVILLE,

    Defendants.

## ORDER

Presently pending is Defendants' motion for summary judgment. (Tab 24). For the following reasons, Defendant's motion for summary judgment (Tab 24) is **GRANTED.**

## BACKGROUND

This is a police misconduct case in which Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 for his unlawful seizure and use of excessive force by Defendant Devane in violation of Plaintiff's Fourth Amendment rights. Plaintiff also claims that Defendant The City of Ellaville ("Ellaville") is liable for Devane's actions under the theory of *respondeat superior.*

On September 12, 2005, Plaintiff Shaun Franks was riding his motorcycle outside the city limits of Ellaville.[1] A Georgia State Patrol officer, M.M. Gurley, observed Plaintiff traveling at a high rate of speed and passing vehicles on a double yellow line. Gurley was informed by another officer that Plaintiff was clocked doing 87 miles per hour in a 55 mph zone. Gurley turned on his lights and siren and attempted to make a traffic stop. Instead of stopping, as required by Georgia law, Plaintiff decided to engage Gurley in a high speed chase. Plaintiff was able to accelerate out of view of Gurley. A few minutes later Plaintiff was stopped as if waiting for Gurley to catch up. Plaintiff continued to flee, sometimes reaching speeds of

---

[1]. The recitation of facts are based on Defendants' statement of facts. Plaintiff did file a document called a statement of facts, however, the Plaintiff only proposed questions as opposed to stating facts.

1

124 mph. As the chase continued Plaintiff ran stop signs, drove on the wrong side of the road, crossed the double yellow line and drove through a yard.

While the chase was on-going, Defendant Devane received a call from the 911 dispatch. Devane was told the motorcycle was approaching the intersection of Georgia Highway 228 and County Road 110. Defendant Devane recalled that the intersection was near the Ellaville elementary, middle and high schools. Defendant Devane apparently received the call from dispatch around 3:30 p.m. Devane realized the area in question would be congested with school traffic. Devane believed the high speed chase could endanger school children. As a result, Devane positioned his vehicle in the intersection to set up a road block.

As Devane was positioning his vehicle he did not see Plaintiff. Devane then realized that his vehicle was not perpendicular to the highway and decided to re-position the vehicle. After Devane began to back-up to reposition the vehicle, Plaintiff approached the intersection at high speed. Devane did not see Plaintiff approaching as Devane was looking behind his patrol car. Plaintiff attempted to go behind Devane's vehicle. When Devane heard Plaintiff's motorcycle, Devane attempted to stop. By that time, Plaintiff was too close and Plaintiff collided with the rear of the patrol vehicle. Devane maintains that he was not trying to strike Plaintiff. It appears that Plaintiff suffered some injuries, but the record does not reflect the type and extent of his injuries.

The officers chased Plaintiff a total of 14 miles before the collision. Plaintiff eventually pled guilty to fleeing and attempting to elude police, reckless driving, speeding and improper license in the Probate Court of Macon County. Plaintiff entered a plea to the same charges in the Probate Court of Schley County.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court is required

to "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (quotations and citations omitted).

The moving party carries the initial burden of showing that there is an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). The substantive law governing the case determines which facts are material, and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). For issues on which the non-movant bears the burden of proof at trial, the moving party "simply may show—that is, point out to the district court—that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case." Fitzpatrick, 2 F.3d at 1116 (quotations and citations omitted).

If the moving party fails to overcome this initial burden, the Court must deny the motion for summary judgment without considering any evidence, if any, presented by the non-moving party. Fitzpatrick, 2 F.3d at 1116. If, on the other hand, the moving party overcomes this initial burden, then the non-moving party must show the existence of a genuine issue of material fact that remains to be resolved at trial. Id. Moreover, the adverse party may not respond to the motion for summary judgment by summarily denying the allegations set forth by the moving party. Rather, the adverse party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

## II. ANALYSIS

Defendants argue they are entitled to summary judgment on Plaintiff's Fourth Amendment claim. Defendants argue that: (1) there was no seizure of Plaintiff; (2) if there was a seizure, the seizure was reasonable as a matter of law; (3) if there was a Fourth Amendment violation, Devane is entitled to qualified immunity; and (4) Defendant Ellaville is not liable as

Plaintiff has not proved a policy, practice or custom giving rise to a constitutional violation. In his response, Plaintiff maintains that there was a seizure and that it was unreasonable.

**I. Seizure**

Plaintiff claims that Defendant Devane violated his Fourth Amendment right to be free from an unlawful seizure and the use of excessive force. Both parties agree that the key question is whether there was a seizure as defined by the Fourth Amendment. Defendant maintains that Devane accidently collided with Plaintiff, while Plaintiff maintains that Devane deliberately collided with Plaintiff. While Plaintiff's statement of facts was woefully inadequate, the Court will accept for the purposes of this motion that Devane intended to collide with Plaintiff.

For Fourth Amendment purposes a "seizure" occurs in a police chase context when an individual's freedom of movement is limited by intentional governmental conduct. Brower v. County of Inyo, 489 U.S. 593, 597 (1989); Beshers v. Harrison, 495 F.3d 1260, 1265 (11th Cir. 2007). If the officer accidently causes the alleged perpetrator to stop during a chase, then no Fourth Amendment seizure takes place. Brower, 489 U.S. at 597. In Brower, however, the Supreme Court found that where a defendant crashed into a roadblock a Fourth Amendment seizure had taken place. "[I]t is enough for a seizure that a person be stopped by the very instrumentality set in motion or put in place in order to achieve that result ... Brower was meant to be stopped by ... the roadblock-and ... was so stopped." Brower, 489 U.S. at 599.

In the present case, under Brower it would appear that it does not matter whether Devane accidently collided with Plaintiff or not. Devane had set up or was in the process of setting up a roadblock which resulted in the stopping of Plaintiff. In other words, the roadblock enabled Devane to effectuate a Fourth Amendment seizure.[2]

**II. Reasonableness**

---

[2]. By finding that there was a seizure under the Fourth Amendment, the Court has found that Devane's conduct implicated a constitutional right. Saucier v. Katz, 533 U.S. 194 (2001). Accordingly, Devane is not entitled to the defense of qualified immunity. Beshers v. Harrison, 495 F.3d 1260 (11th Cir. 2007).

Though not conceding the seizure issue, Defendants argue that they are protected as Devane's actions were reasonable under the circumstances. Plaintiff, on the other hand, maintains that the use of force in this case was not reasonable.

Finding that Devane seized Plaintiff is not sufficient to impose liability, the amount of force used must be unreasonable. Beshers, 495 F.3d at 1266. "The 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting him without regard to his underlying intent or motivation." Kessinger Ex. Rel. v. Herrington 381 F.3d 1243, 1248 (11th cir. 2004).

In Scott v Harris, 127 S.Ct. 1769 (2007), the Supreme Court addressed the issue of reasonable force in police vehicle chases. The Court found that in examining reasonableness of force used in police chase cases one "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion. Scott, 127 S.Ct. At 1778. The Court found it appropriate to consider the risks the alleged defendant poses to the community at large when deciding how much force to use to stop a fleeing suspect. Even deadly force is sometimes reasonable to stop a fleeing suspect in a vehicle.

In Beshers, the Eleventh Circuit determined that a seizure took place when a police officer bumped a fleeing vehicle. As a result of the bump, the suspect's vehicle flipped and rolled and killed the driver. Relying on Scott the Eleventh Circuit determined that even if the officer's actions were intentional and could be labeled deadly force, the amount of force used by the officer was reasonable. As with the facts in this case, the driver had been pursued by multiple law enforcement vehicles for a number of miles. Specifically, the court stated, "Beshers 'intentionally placed himself and the public in danger by unlawfully engaging in the reckless, high-speed flight.'" Besher, 495 F.3d at 1268.

As with the Plaintiff in Besher, Plaintiff in the case at bar intentionally endangered himself and the public. The chase by the officers involved county, city, and state patrol officers. It spanned two counties and 14 miles. Plaintiff was clocked on more than one occasion doing

more than 120 mph.  He had passed numerous vehicles over the double yellow line and driven in the wrong lane of traffic.  There is some evidence that Plaintiff even taunted his pursuers by stopping and waiting for them to catch up.  By the time, officers determined to set up a roadblock, Devane had determined that the chase may eventually lead into a highly congested school zone.  Based on the facts and the controlling case law, if Devane's actions were intentional, they were objectively reasonable under the circumstances.  Accordingly, Devane's motion for summary judgment on the claim against him (Doc. No. 24) is **GRANTED.**

### III.  Claim Against Ellaville

Plaintiff also asserts a § 1983 claim against Ellaville.  Plaintiff maintains that Ellaville's customs and policies inflicted the unconstitutional injury and that it is liable under the theory of *respondeat superior*.  Defendant Ellaville moves for summary judgment on this claim.  Other than mentioning Plaintiff's theory of recovery, Plaintiff does not address the issue in his brief.

Defendant argues that Plaintiff has provided no evidence that Ellaville's customs, policies or procedures caused the alleged seizure.  Monnell v. Department of Social Services, 436 U.S. 658 (1978).  The record does not reveal any evidence supporting Plaintiff's claim that a custom or policy of the city of Ellaville caused the alleged unconstitutional actions which harmed Plaintiff.  No genuine issue of material fact has ben shown to exist regarding such an unlawful policy or custom.  Therefore, Defendant Ellaville's motion for summary judgment (Doc. No. 24) is **GRANTED.**

**SO ORDERED**, this   21st   day of March, 2008.


　　　　　　　　　　　　　　　　　　  /s/W. Louis Sands　　　　　　　　　
　　　　　　　　　　　　　　　　　　**W. LOUIS SANDS, JUDGE**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**